IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KATHLEEN LOUISE STEWART-BROWN, | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | NO. 20-2052 |
| v. | : | |
| | : | |
| ANDREW SAUL, | : | |
| Commissioner of Social Security, | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM OPINION

Kathleen Louise Stewart-Brown ("Stewart-Brown" or "Plaintiff") seeks review, pursuant to 42 U.S.C. § 405(g), of the Commissioner of Social Security's ("Commissioner") decision denying her claim for Disability Insurance Benefits ("DIB") pursuant to Title II of the Social Security Act.[1] For the reasons that follow, Stewart-Brown's Request for Review will be denied.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Stewart-Brown was born on March 19, 1962. R. at 177.[2] She is able to communicate in English, id. at 213, and has a high school education, id. at 215. Her past relevant work experience was as a statement clerk. Id. at 66, 103. Stewart-Brown applied for DIB benefits on July 10, 2018, id. at 177-83, alleging that she became disabled on January 17, 2017, id. at 177, due to diabetes, an ankle fracture, and a coccyx fracture, id. at 214. Her application was initially denied on October 15, 2018. Id. at 120-24. Stewart-Brown then filed a written request for a

---

[1] In accordance with 28 U.S.C. § 636(c), the parties voluntarily consented to have the undersigned United States Magistrate Judge conduct proceedings in this case, including the entry of final judgment. See Doc. Nos. 3, 4.

[2] Citations to the administrative record will be indicated by "R." followed by the page number.

hearing on December 10, 2018, id. at 128-29, and an Administrative Law Judge ("ALJ") held a hearing on her claim on August 21, 2019, id. at 71-107.  On August 21, 2019, after the administrative hearing on her claim was concluded, Stewart-Brown's counsel submitted a hearing withdrawal request pursuant to 20 C.F.R. § 404.957(a).  Id. at 172.  On September 24, 2019, the ALJ issued an opinion denying Stewart-Brown's disability claim and hearing withdrawal request.  Id. at 52-70.  Stewart-Brown filed an appeal with the Appeals Council, which the Appeals Council denied on March 11, 2020, thereby affirming the decision of the ALJ as the final decision of the Commissioner.  Id. at 1-7.  Stewart-Brown then commenced this action in federal court.

## II.    THE ALJ'S DECISION

In her decision, the ALJ found that Stewart-Brown had not engaged in substantial gainful activity since January 17, 2017, the alleged onset date.  Id. at 57.  The ALJ determined that Stewart-Brown suffered from the severe impairments of left ankle osteoarthritis, lumbar degenerative disc disease, and obesity, as well as the non-severe impairments of vertigo, hypertension, diabetes mellitus, generalized anxiety disorder, and post-traumatic stress disorder.  Id. at 58.  The ALJ concluded that neither Stewart-Brown's individual impairments, nor the combination of her impairments, met or medically equaled a listed impairment.  Id. at 60.  The ALJ found that, during the relevant period, Stewart-Brown had the residual functional capacity ("RFC") to perform:

> light work as defined in 20 CFR 404.1567(b) except occasional stooping, kneeling, crawling, crouching, balancing and climbing ramps or stairs; no climbing ladders, ropes, or scaffolds; occasional use of left lower extremity for operation of foot controls; no exposure to unprotected heights and unprotected moving mechanical parts; no operation of a motor vehicle as a job requirement; and occasional exposure to extreme cold, wetness, humidity, and vibration.

Id. Based on this RFC determination, and relying on the vocational expert who appeared at the hearing, the ALJ found that Stewart-Brown was capable of performing past relevant work as a statement clerk. Id. at 66. Accordingly, the ALJ concluded that Stewart-Brown was not disabled. Id.

## III. STEWART-BROWN'S REQUEST FOR REVIEW

In her Request for Review, Stewart-Brown contends that the ALJ erred by: (1) denying her post-hearing request to dismiss the request for a hearing; and (2) failing to properly develop the record.

## IV. SOCIAL SECURITY STANDARD OF REVIEW

The role of the court in reviewing an administrative decision denying benefits in a Social Security matter is to uphold any factual determination made by the ALJ that is supported by "substantial evidence." 42 U.S.C. § 405(g); Richardson v. Perales, 402 U.S. 389, 401 (1971); Doak v. Heckler, 790 F.2d 26, 28 (3d Cir. 1986); Newhouse v. Heckler, 753 F.2d 283, 285 (3d Cir. 1985). A reviewing court may not undertake a de novo review of the Commissioner's decision in order to reweigh the evidence. Monsour Med. Ctr. v. Heckler, 806 F.2d 1185, 1190 (3d Cir. 1986). The court's scope of review is "limited to determining whether the Commissioner applied the correct legal standards and whether the record, as a whole, contains substantial evidence to support the Commissioner's finding of fact." Schwartz v. Halter, 134 F. Supp. 2d 640, 647 (E.D. Pa. 2001).

Substantial evidence is a deferential standard of review. See Jones v. Barnhart, 364 F.3d 501, 503 (3d Cir. 2004). "Substantial evidence 'does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999) (quoting Pierce v.

Underwood, 487 U.S. 552, 564-65 (1988)); see also Kangas v. Bowen, 823 F.2d 775, 777 (3d Cir. 1987). It is "more than a mere scintilla but may be somewhat less than a preponderance of the evidence." Rutherford v. Barnhart, 399 F.3d 546, 552 (3d Cir. 2005). The court's review is plenary as to the ALJ's application of legal standards. Krysztoforski v. Chater, 55 F.3d 857, 858 (3d Cir. 1995).

To prove disability, a claimant must demonstrate some medically determinable basis for a physical or mental impairment that prevents him or her from engaging in any substantial gainful activity for a 12-month period. 42 U.S.C. § 1382c(a)(3)(A); accord id. § 423(d)(1). As explained in the applicable agency regulation, each case is evaluated by the Commissioner according to a five-step sequential analysis:

> (i) At the first step, we consider your work activity, if any. If you are doing substantial gainful activity, we will find that you are not disabled. (ii) At the second step, we consider the medical severity of your impairment(s). If you do not have a severe medically determinable physical or mental impairment that meets the duration requirements in § 404.1509, or a combination of impairments that is severe and meets the duration requirement, we will find that you are not disabled. (iii) At the third step, we also consider the medical severity of your impairment(s). If you have an impairment(s) that meets or equals one of our listings in appendix 1 of this subpart and meets the duration requirement, we will find that you are disabled. (iv) At the fourth step, we consider our assessment of your residual functional capacity and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled. (v) At the fifth and last step, we consider our assessment of your residual functional capacity and your age, education and work experience to see if you can make an adjustment to other work. If you can make an adjustment to other work, we will find that you are not disabled. If you cannot make an adjustment to other work, we will find that you are disabled.

20 C.F.R. §§ 404.1520(a)(4)(i)-(v) (references to other regulations omitted).

## V. DISCUSSION

### A. The ALJ Properly Denied Stewart-Brown's Hearing Withdrawal Request

Stewart-Brown claims that the ALJ erred in denying her post-hearing request to withdraw her hearing request. Pl.'s Br. (Doc. No. 19) at 3-13; Pl.'s Reply Br. (Doc. No. 25) at 1-9. There is no merit to this claim.

Stewart-Brown applied for DIB benefits on July 10, 2018, R. at 177-83, and her application was initially denied on October 15, 2018, id. at 120-24. She subsequently filed a written request for a hearing on December 10, 2018. Id. at 128-29. On August 13, 2019, Stewart-Brown's attorney submitted a pre-hearing letter brief to the ALJ summarizing the administrative record and explaining why Stewart-Brown should be found disabled. Id. at 283-87. The letter brief made no mention of additional, unavailable, or forthcoming medical records and/or treatment. See id. Stewart-Brown's administrative hearing took place on August 21, 2019. Id. at 71-107. That same day, after the hearing had concluded, Stewart-Brown's counsel submitted a hearing withdrawal request pursuant to 20 C.F.R. § 404.957(a). Id. at 172. This request indicated:

> As explained at the hearing, Ms. Stewart-Brown had limited insurance coverage which affected her access to evaluation and treatment in subsequent months. More recently, she has been able to secure appointments with cardiology and neurology, inter alia. She has been prescribed Meclizine for vertigo and MRI studies showed white matter disease consistent with chronic small vessel ischemic disease. Investigation of this and other problems have been more recent, however, and records of testing not yet available are expected to provide additional insight.

Id.

Section 404.957(a) states, in relevant part that:

> An administrative law judge *may* dismiss a request for a hearing under any of the following conditions:

> (a) At any time before notice of the hearing decision is mailed, you or the party or parties that requested the hearing ask to withdraw the request. This request may be submitted in writing to the administrative law judge or made orally at the hearing.

20 C.F.R. § 404.957(a) (emphasis added). As the foregoing establishes, upon a written request or an oral request at the hearing, Section 404.957(a) vests an ALJ with the discretion, not the obligation, to dismiss a request for a hearing at any time before notice of the hearing decision is mailed. Here, after reviewing Stewart-Brown's hearing withdrawal request, the ALJ found that she did not satisfy Section 404.957(a), reasoning:

> That evidence of treatment in the future *may* strengthen [Stewart-Brown's] disability claim is not compelling. The status of [Stewart-Brown's] health insurance coverage, or lack thereof, was information known to [Stewart-Brown] prior to the hearing, as were the results of the recent magnetic resonance imaging (MRI) study, investigation into which [Stewart-Brown] now asserts "may provide additional insight." Yet, [Stewart-Brown's] pre-hearing brief made no mention of these factors. To the contrary, the brief submitted just two weeks before the hearing argued that the evidence of record, without more, fully supported a favorable decision. The recent MRI was briefly mentioned in the last paragraph of the argument. The undersigned has denied [Stewart-Brown's] request to [withdrawal] her hearing request and, should future medical evidence support a finding of disability, [Stewart-Brown] may file a new application with a request to reopen this decision, if warranted.

R. at 55 (emphasis in original).[3]

Here, the ALJ did not err in denying Stewart-Brown's hearing withdrawal request. As the ALJ made clear in her decision, "should future medical evidence support a finding of disability, [Stewart-Brown] may file a new application with a request to reopen this decision, if

---

[3] Subparts (b) and (c) of Section 404.957 set forth several other circumstances in which the ALJ may dismiss a request for a hearing. See 20 C.F.R. § 404.957(b)-(c). As the ALJ explained, Stewart-Brown "has not asserted evidence or facts satisfying any of the conditions set forth in . . . [Section 404.957] subparts" (b) or (c). R. at 55. Moreover, Stewart-Brown, by her own admission, does not meet the other "for cause" reasons set forth in 20 C.F.R. § 404.957(b)-(c). Pl.'s Br. at 7.

6

warranted."  Id.; see also 20 C.F.R. §§ 404.987, 404.988.[4]  This determination is entirely consistent with the applicable regulations and supported by the record in this case.

Insofar as Stewart-Brown argues that the ALJ's denial of her hearing withdrawal request is prejudicial under the doctrine of res judicata, Pl.'s Br. at 8-9, her claim is unpersuasive.  Indeed, "even if res judicata may properly be applied, the Commissioner has discretion whether to reopen a prior disability benefits application for 'good cause' within four years of the date of notice of the initial determination."  Tobak v. Apfel, 195 F.3d 183, 186 (3d Cir. 1999) (citing 20 C.F.R. §§ 404.988(b), 404.989).

Accordingly, for the foregoing reasons, the ALJ did not err in denying Stewart-Brown's hearing withdrawal request.

### B.     The ALJ Properly Developed the Record

Stewart-Brown also maintains that the ALJ erred by failing to further develop the record with respect to her additional medical treatment.  Pl.'s Br. at 3, 13-14; Pl.'s Reply Br. at 9-10.  This argument lacks merit.

Because of the non-adversarial nature of Social Security proceedings, an ALJ has "a duty to develop a full and fair record" by attempting to secure all of the information relevant to deciding the claimant's claim.  Ventura v. Shalala, 55 F.3d 900, 902 (3d Cir. 1995) (citations omitted).  This is true even if the claimant is represented by counsel at the hearing, though in

---

[4]  Stewart-Brown also relies on Section I-2-4-20 of the Social Security Administration's Hearings, Appeals, and Litigation Law Manual ("HALLEX") to support her argument that the ALJ should have granted her hearing withdrawal request.  Pl.'s Br. at 7-8; see also HALLEX I-2-4-20, 1993 WL 643011 (Aug. 2, 2016).  Section I-2-4-20, however, mirrors the language contained in 20 C.F.R. § 404.957(a), namely that "[a]t the request of a claimant, an administrative law judge (ALJ) *may* dismiss a request for hearing (RH) at any time before mailing notice of the decision."  HALLEX I-2-4-20, 1993 WL 643011 (Aug. 2, 2016) (emphasis added).  Again, the ALJ's decision to dismiss a hearing request is discretionary.

7

such cases the duty is somewhat lessened. See Rutherford, 399 F.3d at 557; Boone v. Barnhart, 353 F.3d 203, 208 n.11 (3d Cir. 2004) (citations omitted); Dobrowolsky v. Califano, 606 F.2d 403, 407 (3d Cir. 1979) (noting that an ALJ must "assume a more active role when the claimant is unrepresented"). Whenever a claimant is represented, an ALJ can assume that the claimant, through his or her counsel, "is making the strongest case possible for benefits." Colavito v. Apfel, 75 F. Supp. 2d 385, 399 n.21 (E.D. Pa. 1999). Thus, the onus is on counsel to ensure that the ALJ is aware of all of the evidence favorable to a claimant's case and to probe all of the relevant issues. Turby v. Barnhart, 54 F. App'x 118, 122-23 (3d Cir. 2002) (citations omitted); Harrison v. Colvin, No. 14-cv-00719, 2014 WL 5148156, at *4 (W.D. Pa. Oct. 14, 2014). Ultimately, the claimant has the burden to present evidence to demonstrate that he or she is unable to engage in any substantial gainful activity. See Santiago v. Comm'r of Soc. Sec., 273 F. App'x 211, 213 n.1 (3d Cir. 2008) (citing 42 U.S.C. § 1382c(3)(A)). It is also the claimant's burden to "prove [his or] her medical condition and [the resulting] functional limitations." Esposito v. Apfel, No. 99-771, 2000 WL 218119, at *4 (E.D. Pa. Feb. 24, 2000) (citing Diaz v. Shalala, 59 F.3d 307, 315 (2d Cir. 1995), Torres v. Schweiker, 682 F.2d 109, 111 (3d Cir. 1982)); see also Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987) (claimant bears the burden of proof at steps one through four of the sequential analysis). Absent a clear showing of prejudice from failure to investigate further, courts have denied remand. See, e.g., Glenn v. Comm'r of Soc. Sec., 67 F. App'x. 715, 719 (3d Cir. 2003).

Here, Stewart-Brown was represented by counsel at the administrative hearing. "Because [she] was represented by counsel at the administrative hearing, the ALJ had no enhanced duty to develop the administrative record." Wert v. Comm'r of Soc. Sec., No. 13-5705, 2015 WL 1808594, at *13 (E.D. Pa. Apr. 21, 2015) (citing Turby, 54 F. App'x at 122, Smith v. Harris, 644

F.2d 985, 989 (3d Cir. 1981) ("Particularly where the claimant is unrepresented by counsel, the ALJ has a duty to exercise 'a heightened level of care' and 'assume a more active role'")). Instead, Stewart-Brown's counsel was "responsible for ensuring that the ALJ was aware of any facts favorable to [Stewart-Brown's] claim for benefits." See Turby, 54 F. App'x at 122-23 (citing 20 C.F.R. § 404.1740(b)(a)). The ALJ was entitled to assume that Stewart-Brown's counsel made the strongest case for her benefits. See, e.g., Yoder v. Colvin, No. 13-107, 2014 WL 2770045, at *3 (W.D. Pa. June 18, 2014).

In furtherance of his responsibility to ensure that the ALJ was aware of any facts favorable to his client's claim, Stewart-Brown's counsel submitted a pre-hearing letter brief in which he represented that the evidence that would be presented at the hearing supported the conclusion that Stewart-Brown was disabled. R. at 283-87. The letter brief did not mention additional medical evidence or potential future treatment. See id. Instead, it was not until the administrative hearing that Stewart-Brown and her counsel referenced the possibility of future treatment, including future appointments with a neurologist and a cardiologist. Id. at 85, 89, 90-91, 106-07. But at no point during the hearing did Stewart-Brown's counsel request to keep the hearing record open so that it could be supplemented with additional evidence. See id. at 71-107. Nor did her counsel seek the ALJ's assistance in obtaining any outstanding medical records. See id. It was not until Stewart-Brown's counsel submitted a hearing withdrawal request that there was any indication that Stewart-Brown sought to submit future medical records. Id. at 172. As the ALJ explained, however, this request relied on information that was known to her and her counsel at the time of the hearing, namely her: (1) limited insurance coverage; (2) recent MRI results; and (3) newly scheduled cardiology and neurology appointments. See id. at 55, 89-91, 101, 106-07, 172, 286. Furthermore, counsel's request did

9

not indicate how evidence of future treatment would impact Stewart-Brown's claim. See id. at 55, 172.

The expectation that Stewart-Brown's future medical records would provide additional insight was not a sufficient reason to grant her hearing withdrawal request. See id. at 55. This is particularly true where, as here, the ALJ "conducted a full hearing and thoroughly reviewed the medical evidence, reports, and testimony." Glenn, 67 F. App'x at 719. Indeed, the ALJ questioned Stewart-Brown at length about her conditions and asked her three times if there was anything that they had not discussed. R. at 86, 89, 94. The ALJ also "ensured[d] that [Stewart-Brown's] complete medical history [was] developed on the record before finding that [she] [was] not disabled." Money v. Barnhart, 91 F. App'x 210, 215 (3d Cir. 2004). This "history is defined as records of the claimant's medical sources for at least 12 months preceding when the claimant filed the application for disability benefit[s] unless the claimant states that his or her disability began less than 12 months before the application was filed." Id. at 215-16 (citing 20 C.F.R. § 404.1527(c)(3)). Stewart-Brown filed her application for DIB benefits on July 10, 2018, R. at 177-83, and the ALJ evaluated medical records dating from January 2016 through August 2019, a period spanning approximately three and one-half years, id. at 61-65. This evidence undoubtedly meets the standard for a "complete medical history" as set forth in 20 C.F.R. 404.1512(d). There is no indication that the record lacked sufficient evidence for the ALJ to make a well-informed decision as to whether Stewart-Brown was disabled.

Accordingly, as the foregoing demonstrates, the ALJ sufficiently fulfilled her obligation to develop Stewart-Brown's complete medical history on the record before finding that she was not disabled.

## VI. <u>**CONCLUSION**</u>

For the reasons set forth above, I find that the ALJ's decision is supported by substantial evidence. Therefore, Plaintiff's Request for Review will be denied and dismissed. An appropriate order follows.

Dated: May 25, 2021

BY THE COURT:

<u>*/s/ Marilyn Heffley*</u>
MARILYN HEFFLEY
UNITED STATES MAGISTRATE JUDGE